JUDGE KOELTL

GALVIN & PALMER
Sheldon Palmer (SP-9703)
630 Third Avenue - 23rd Floor
New York NY 10017
212-983-8900

FURGANG & ADWAR, L.L.P.
Philip Furgang (PF-5654)
1325 Avenue of the Americas – 28th Floor
New York NY 10019
212-725-1818

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X

HEIDI'S HOME DESIGN, LLC,

                                        Plaintiff,

              -v-

ERIK M. BERMAN, GARY MOODY, and
FUN PALS, LLC,

                                        Defendants.
-------------------------------------------------------------------X



COMPLAINT
JURY DEMANDED

The Parties

1.      Plaintiff Heidi's Home Design, LLC, is a limited liability company organized under

the laws of Delaware with offices at 40 East 67th Street, New York, New York 10065 ("Plaintiff"

or "HHD").

2.    Defendant Erik M. Berman is a natural person, a citizen of the State of Florida, who has a place of business and residence at 1960 Juno Road, #2, Juno Beach, Florida 33408 (Berman).

3.    Defendant Gary Moody is a natural person, a citizen of the State of Michigan, who has a place of business at 5052 Creekmonte Drive, Rochester, Michigan 48306 ("Moody").

4.    Defendant Fun Pals, LLC, is a limited liability company organized under the laws of the State of Michigan, who has a place of business at 5052 Creekmonte Drive, Rochester, Michigan 48306 (Fun Pals).

5.    Defendants "Various John Does" are, upon information and belief, individuals and/or business entities which assisted in the wrongful acts set forth herein.

**Jurisdiction and Venue**

6.    The jurisdiction of the Court is invoked pursuant to 28 U.S.C. § 1331 in that this is an action for declaratory judgment pursuant the declaratory judgment act 28 U.S.C. § § 2201-2202; and 28 U.S.C. § 1332(a)(1) in that Plaintiff the amount of the controversy exceeds, exclusive of interest and costs, the sum of seventy-five thousand dollars ($75,000.00) and, upon information and belief, all of  the Defendants are citizens of different states.

7.    Venue is proper pursuant to 28 U.S.C. § 1391 in that at least a substantial part of the events or omissions giving rise to the claims occurred in this district.

**Allegations Relevant To All Claims**

8.      On January 7, 1992, United States Patent No. 5,078,640 (the Patent) was issued Berman for a decorative pad or cushion for crutches (**Exhibit A**).

9.      On September 2, 2007, Berman threatened Plaintiff HHD with suit for infringement of the Patent and copyright infringement because of HHD's intended sale of its CRUTCH CRITTERS™ decorative cushions for crutches. (**Exhibit B**)

10.     Berman subsequently withdrew his claim of copyright infringement and entered into negotiations with HHD for the sale of the Patent. (**Exhibit C**)

11.     On November 13, 2007, HHD and Berman entered into an agreement pursuant to which Berman agreed to sell all his right, title, and interest in and to the Patent to HHD for the sum of seven thousand dollars ($7,000.00) (**Exhibits D, E, F**).

12.     On November 14, 2007, Plaintiff HHD forwarded to Defendant Berman tender of the agreed upon sum and an assignment of the Patent to HHD (**Exhibit G**).

13.     On or about November 21, 2007, HHD's counsel telephoned Defendant's counsel (who had negotiated the agreement on behalf of Defendant Berman). Defendant's counsel acknowledged that Berman had asked his opinion regarding the assignment and that he, Berman's counsel, advised Berman that the assignment was proper and Berman should sign and return it to HHD.

14.     When the executed assignment was not received, Defendant Berman was contacted and Berman stated that he was "signing it and putting it in the mail."

15.     On November 30, 2007, Defendant Berman sent a fax advising that he had gotten a "better offer" and was now refusing to comply with his agreement with Plaintiff to assign the Patent (**Exhibit H**).

16.     In the fax of November 30, 2007, Defendant Berman identified Defendants Moody and Fun Pals as the purchasers of the Patent and stated that if HHD wished to purchase or take a license under the Patent it would have to negotiate and enter into a separate agreement with Defendants Moody and/or Fun Pals. (*Id.*)

17.     Upon information and belief, Defendants Moody and Fun Pals were, at the time of alleged assignment of the Patent to Defendant Fun Pals by Defendant Berman were not purchasers in good faith in that the Defendants were aware of the contract between Berman and HHD.

18.     Plaintiff subsequently obtained from the United States Patent and Trademark O0ffice a copy of an assignment of all right, title, and interest in and to the Patent from Defendant Berman to Defendant Fun Pals which was executed by Defendant Berman on November 29, 2007, over two weeks after accepting HHD's offer.  The assignment was recorded in the United States Patent and Trademark Office on December 4, 2007 (**Exhibit I**) The assignment alleges that Defendant Fun Pals purchased the Patent from Berman for ten thousand dollars ($10,000.00) plus a royalty of twenty five (25) cents per pair of crutch pads sold by Fun Pals.

19.     Prior February 29, 2008, Defendant Moody telephoned HHD and offered to enter into licensing negotiations of Defendant Fun Pals's alleged rights under the Patent. In view of the

fact that Plaintiff is or should be the rightful and equitable owner of the Patent, Plaintiff did not

respond to Defendants Moody's and Fun Pals's demands.

20.     On February 29, 2007, Defendant Moody faxed a copy of a proposed license of

rights under the Patent.  The license offered was to be from Defendant Fun Pals to Plaintiff HHD

(**Exhibit J**).

21.     Defendant Moody then telephoned Plaintiff several times and Plaintiff did not return

his telephone calls.

22.     On March 11, 2008, Defendant Fun Pals wrote a letter to HHD threatening legal

action if it did not cease and desist from making, using, or selling HHD's CRUTCH CRITTERS™

pads for crutches (**Exhibit K**).

23.     Simultaneously, Defendants, upon information and belief, sent or caused to be sent

copies of that letter (Exhibit K) to HHD's customers with whom Defendants knew or had reason

to know that HHD had contracts of sale and, as well, to HHD's potential customers.

24.     The sending of Defendants' letter (Exhibit K) is an overt attempt to interfere with

Plaintiff's present contracts and future business relationships.

25.     On March 19, 2008, Plaintiff HHD demanded that Defendants cease their wrongful

conduct and that the Patent be assigned to Plaintiff (**Exhibit L**).

26.     On April 2, 2008, Defendants Moody and Fun Pals responded to Plaintiff's demand

by offering, in writing, to reassign the Patent to Defendant Berman in exchange for a refund of

the ten thousand dollars ($10,000.00) allegedly paid by them to Berman, if Berman, in turn,

assigns the Patent to Plaintiff HHD in accordance with the November 13, 2007, contract between

Berman and HHD and if HHD grants Defendant Fun Pals a paid up non-exclusive license under

the Patent (**Exhibit M**).

27.     Defendant Berman did not respond to Plaintiff's demands nor Defendants Moody

and Fun Pals.

28.     Plaintiff has accepted Defendants Moody's and Fun Pals's offer but Defendant

Berman has not done so.

## COUNT I
### (Declaration of Non-infringement)

29.     This count arises under 28 U.S.C. §§ 2201-2202 in that Plaintiff seeks a declaration

of non-infringement of the Patent.

30.     Plaintiff repeats and realleges the allegations of ¶¶ 1 through 28 as if set forth

herein.

31.     Plaintiff alleges, on information and belief, that the Patent is not infringed and/or

not enforceable for one or more of the reasons that:

(a)     Plaintiff has not infringed any valid claim of the Patent;

(b)     By reason of the proceedings in the United States Patent and

Trademark Office during the prosecution of the application which resulted in the issuance of the

Patent, as shown by the prosecution history thereof, Defendants are precluded from claiming that

any construction of the Patent claims would cause those claims, or any one of them, to read upon

or include any product manufactured, used, or sold by Plaintiff;

(c)     The claims, and each of them, of the Patent are excessively vague

and indefinite and do not particularly point out and distinctly claim the invention; and/or

(d)     The claims of the Patent in suit are indefinite and broader than the

alleged invention as set forth in the specification of the Patent in suit.

32.     As set forth above, Defendants' have made written threats to Plaintiff HHD, HHD's

customers and potential customers that HHD's and HHD's customers and potential customers sales

of the CRUTCH CRITTERS™ products is injurious to Defendants and that HHD, its customers

and potential customers, has no right to make, use, or sell its and that all sales much cease at

once.

33.     Defendants' accusation and demands have given rise to a case of actual controversy

within the jurisdiction of this Court, pursuant to 28 U.S.C. §§2201-02.

34.     Plaintiff HHD categorically denies that its manufacture, use, or sale of its CRUTCH

CRITTERS™ products violates whatever any federal or state rights Defendants might have and

specifically denies that it is infringing upon any rights Defendants might have in the Patent.

35.     Defendants' assertions that HHD is violating Defendants' legal rights irreparably

injures HHD and adversely affects it and, unless prevented by this Court, will continue to so affect

HHD's business, and the immense investment it has made in its product.  To resolve the legal and

factual questions raised by Defendants, and to afford relief from the uncertainty and controversy

which Defendants' assertions have precipitated, Plaintiff HHD is entitled to a declaratory judgment of its rights under 28 U.S.C. §§2201-02 that the HHD's manufacture, use, or sale of its CRUTCH CRITTERS™ products is not in violation of any rights Defendants might have pursuant to 35 U.S.C. 101, *et seq*.

## COUNT II
### (Breach of Contract)

36.    This is a cause of action for breach of contract between Plaintiff HHD and Defendant Berman.

37.    Plaintiff repeats and realleges the allegations of ¶¶ 1 through 35 as if set forth herein.

38.    Plaintiff and Defendant Berman entered into a contract to assign the Patent to Plaintiff in return for Plaintiff's payment of seven thousand dollars ($7,000.00) as alleged.

39.    Plaintiff fully performed the contract by tendering payment of the agreed upon sum.

40.    Defendant Berman has failed, refused, and neglected to perform the conditions of the contract on his part in that he has failed to assign to Plaintiff the Patent in accordance with the contract although Plaintiff has demanded performance of the contract between them.

41.    By reason of the foregoing, Plaintiff has been damaged in an amount yet to be determined but believed to be in excess of seventy-five thousand dollars ($75,000.00).

## COUNT III

**(Recision and Specific Performance)**

42.    This is an action to compel Recision of the assignment of the Patent from Defendant Berman to Defendant Fun Pals and for an order directing specific performance of the contract between HHD and Berman for Berman to assign the Patent to HHD.

43.    Plaintiff repeats and realleges the allegations of ¶¶ 1 through 41 as if set forth herein.

44.    Defendant Berman, because of the prior executory contract between him and Plaintiff HHD to assign the Patent to HHD, was without the lawful capacity to assign the Patent to Fun Pals.

45.    As a result of Berman's unlawful assignment of the Patent to Fun Pals, Defendants have wrongfully deprived HHD of its contractual right to acquire and become the lawful owner of the Patent.

46.    Defendants have been placed on notice of their obligation to cause the re-assignment of the Patent from Fun Pals to Berman and of Berman's obligation to assign the Patent to Plaintiff and have refused to do so.

47.    Defendant Fun Pals is set forth that it is ready, willing, and able to reassign the Patent to Berman upon a refund to it by Berman of its alleged purchase price of ten thousand dollars ($10,000.00) and the grant of a nonexclusive paid up royalty free license by Plaintiff to Defendant Fun Pals.

48.    Plaintiff HHD is ready, willing, and able, and has at all times been ready, willing, and able to pay the sums due under its contract with Berman and has, in fact, tendered said sum to Defendant Berman, and demanded that Defendant Berman comply with the contract between HHD and him.

49.    Plaintiff is willing, upon the reassignment of the Patent to Berman and Berman's payment of ten thousand dollars ($10,000.00) to Fun Pals (or any such other amounts as may be agreed upon between Berman and Fun Pals), to acquire the Patent from Berman in accordance with the contract between them and, upon assignment of the Patent to it, to grant Fun Pals a nonexclusive royalty free license under the Patent.

50.    In spite of the foregoing, Defendant Berman, upon information and belief, refuses to make any such refund or agree to comply with the contract between him and Plaintiff HHD.

51.    Defendants have thereby caused HHD to suffer irreparable harm for which there is no adequate remedy at law.

## COUNT IV
### (Tortious Interference with Business Advantage and Contracts)

52.    This is an action for tortious interference with Plaintiff's prospective business advantages and for tortious interference with Plaintiff's contracts with its existing customers.

53.    Plaintiff repeats and realleges the allegations of ¶¶ 1 through 51 as if set forth herein.

54.     Defendants, having due notice and knowledge of contracts between Plaintiff and Plaintiff's customers, did, upon information and belief, wrongfully, knowingly, maliciously, intentionally, and without reasonable justification or excuse therefor, attempted and are attempting to induce, persuade, and entice Plaintiff's customers to violate, repudiate, and/or break the contracts of sale between Plaintiff and its customers.

55.     Defendants, having due notice and knowledge did, upon information and belief, wrongfully, knowingly, maliciously, intentionally, and without reasonable justification or excuse, attempted and are attempting to interfere with Plaintiff's future business relationships with existing and potential customers.

56.     Plaintiff has no adequate remedy at law and has suffered irreparable harm and damage as a result of Defendants' aforesaid wrongful acts.

57.     Plaintiff has been damaged in an amount yet to be determined but believed to be in excess of seventy-five thousand dollars ($75,000.00).

## PRAYER FOR RELIEF

**Wherefore**, Plaintiff **Heidi's Home Design, LLC** (Plaintiff or HHD), prays that the Court declare and that a judgment be entered against Defendants **Erik M. Berman** (Berman), **Gary Moody** (Moody), **Fun Pals, LLC**, and various **John Does** (except where otherwise expressly indicated, are all jointly and severally referred to as "Defendants") that:

1.     Plaintiff's CRUTCH CRITTERS™ products do not violate rights under the Patent of any law the United States or any other laws.

2.    Plaintiff has the right to make, use, or sell any of its CRUTCH CRITTERS™ products free from interference by Defendants Moody and Fun Pals, their respective agents servants, employees, attorneys, privies, representatives, successors, and assigns, and any officers, or managers of Defendant FUN PALS, and any and all persons acting by, through, or under authority from Defendants, either separately or jointly, in the United States or in any foreign country where the activities of Plaintiff or Defendants have a substantial effect on interstate or foreign commerce.

3.    Defendants, their respective agents, servants, employees, attorneys, privies, representatives, successors, and assigns, and, with respect to Defendant Fun Pals and any various John Does that are business entities, any of their respective officers or managers, and any and all persons in active concert or participation with or under authority from Defendants, either separately or jointly, be preliminarily and permanently enjoined from:

   a.    Interfering with, or threatening to interfere with, the manufacture, use, or sale  of the CRUTCH CRITTERS™ products by Plaintiff, its related companies, successors or assigns, in connection with its or their business;

   b.    Instituting or prosecuting any suit or other proceeding placing in issue the right of Plaintiff or any of its related companies, their respective successors, or assigns, to make, use, or sell of the CRUTCH CRITTERS™ products;

   c.    Tortiously interfering with Plaintiff's existing contracts of sale for its CRUTCH CRITTERS™ products and any of Plaintiff's prospective business advantages in the sale of the CRUTCH CRITTERS™ products.

4.      Plaintiff receive judgment against Defendant Berman for his breach of contract with Plaintiff in an amount to be determined.

5.      Plaintiff be awarded reasonable attorney's fees.

6.      Plaintiff be awarded exemplary damages in the amount of two hundred thousand dollars ($200,000.00).

7.      Defendants be required to account and pay over to Plaintiff all gains, profits, and advantages derived from their sale and licensing of the Patent, the breach of the contract between Plaintiff and Defendant Berman and interference with Plaintiff's contracts with its customers or potential business relationship with its prospective or actual customers.

8.      Defendants be required to pay to Plaintiff the damages Plaintiff has sustained by reason of the alleged wrongful tortious acts and that said damages be trebled.

9.      The contract between Defendants Fun Pals and Berman is ordered rescinded as a transfer in fraud of Plaintiff rights under the contract between Plaintiff and be preliminarily and permanently enjoined specifically perform his contract with Plaintiff; or

Defendants, their respective agents, servants, employees, attorneys, privies, representatives, successors, and assigns, and, with respect to Defendant Fun Pals and any various John Does which are business entities, their respective officers or managers, and any and all persons in active concert or participation with or under authority from Defendants, either separately or jointly:

      a)      vacate the recordation of the assignment of the Patent to Defendant Fun Pals;

      b)      Defendant Fun Pals reassign the Patent to Defendant Berman;

      c)     upon reassignment of the Patent by Defendant Fun Pals, Defendant Berman ordered to return to Defendant Fun Pals ten thousand dollars ($10,000.00);

      d)     order that Defendant Berman assign the Patent to Plaintiff; and

      e)     order that Plaintiff pay Defendant Berman seven thousand dollars ($7,000.00); and

11.    Plaintiff shall have such other, further, and general relief as may be just.

Respectfully submitted,
**Heidi's Home Design, LLC**
By its attorneys:

**GALVIN & PALMER**

Sheldon Palmer (SP-9703)
630 Third Avenue - 23rd Floor
New York NY 10017
212-983-9800

and

**FURGANG & ADWAR, L.L.P.**

Philip Furgang (PF-5654)
1325 Avenue of the Americas
28th Floor
New York NY10019
212-725-1818

New York, New York
April 10, 2008